# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RAIZA ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-127 |
| | ) | |
| EVANS COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Raiza Rojas filed this case against Evans County, Georgia ("the County"), alleging procedural defects in a criminal prosecution and collateral proceeding. *See* doc. 1 at 1-6. The County moved to dismiss on the grounds that she had failed to allege it violated her constitutional rights in any way. *See* doc. 6 at 7-8. The County also noted that her claims are fatally flawed because it "does not employ or have authority over any of the clerks of superior court or any judges of the Atlantic Judicial Circuit." *Id*. at 9. As it explains, her claims appear to be premised on her allegation that "the named Defendant employs the judiciary, runs and operates the State Courts in Evans County, Georgia . . . ." Doc. 1 at 1; *see also* doc. 6 at 9. Finally, the County notes that this

Court's Statesboro Division, and not the Savannah Division, is the proper venue for any claims against it. *See* doc. 6 at 10. Rojas has responded, doc. 7, and the County has replied, doc. 9. The County has also moved to stay this case pending disposition of its Motion to Dismiss. Doc. 10.

On a motion to dismiss under Rule 12(b)(6), the factual allegations in a complaint are assumed true and construed in the light most favorable to the plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, taking all the non-conclusory factual allegations as true, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the

factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

"A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotations omitted). Nevertheless, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 887 (11th Cir. 2013); s*ee also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings."). In particular, the liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x 972, 973 (11th Cir. 2011) (internal citations and quotations omitted).

Rojas' Complaint alleges that she was prosecuted in the State Court of Evans County, Georgia in 2021. *See* doc. 1 at 1. She was convicted, after a jury trial, of one count of obstruction of an officer, driving on a suspended registration, and lacking proof of insurance. *Id.* Although she proceeded *pro se* at trial, she was represented by counsel at her sentencing. *Id.* at 1-2. In January 2022, she was sentenced to five years of probation and 180 days of incarceration. *Id.* Her attorney sent her a letter purporting to withdraw from representing her in February 2022, but did not move to withdraw. *Id.* at 2. Plaintiff filed a *pro se* Motion for a New Trial approximately a week later. *Id.* The state court dismissed that Motion because it was filed *pro se* by a represented party. *Id.* Her sentencing counsel did not move to withdraw until March 2022. *Id.* Plaintiff filed several motions attempting to advise the state court of the issue created by her counsel. *Id.* at 3. When her counsel's Motion to Withdraw was granted and all of her motions were denied, she filed a habeas proceeding in the state court. *Id.* The state court took no action on her petition until after she was released from incarceration. *Id.* at 4. She contends that the court's failure to address her habeas petition violated her Constitutional rights. *Id.* at 6-7.

The County moved to dismiss Rojas' Complaint on multiple grounds. *See* doc. 6 at 6-10. Relevant here, the County asserts that dismissal is proper because it "has no authority or responsibility over the superior court system or the judges in the Atlantic Judicial Circuit." *Id.* at 9. Much of Plaintiff's response to the County's Motion focuses on whether she has adequately alleged a policy, custom, or practice sufficient to state a claim under *Monell v. The Department of Social Services of the City of New York*, 436 U.S. 658 (1978). *See generally* doc. 7. However, the possibility of a *Monell* claim is a red herring. Since, as explained below, the parties allegedly responsible for the violation of Plaintiff's constitutional rights—all associated with the state court system—"as a matter of law . . . are not within the control, supervision, or employment of the County," doc. 9 at 3, her Complaint is fatally defective.

Plaintiff's Complaint is explicit that she filed a Petition for a Writ of Habeas Corpus. *See* doc. 1 at 5-7, 20-25 (copy of Petition). Georgia law vests "exclusive jurisdiction of habeas corpus actions . . . ." in the superior court of the county in which a habeas petitioner is detained. O.C.G.A. § 9-14-43. The superior courts, in turn, are established by the

Constitution of the State of Georgia. *See* Ga. Const. art. 6, §1, ¶ I. Although the Georgia Constitution requires "[e]ach county shall have at least one superior court," there is no suggestion that the respective counties exercise any authority or control over those courts. *See* Ga. Const. art. 6, § 1, ¶ VI. This Court has observed that the Georgia Constitution affirmatively *prohibits* counties from exercising control over the *clerks* of superior courts. *See Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1370 (S.D. Ga. 2016) (citing Ga. Const. art. IX, § 2). It is, therefore, well-established that Georgia superior courts are entities of the state, not the county where they sit. *See, e.g., Stegeman v. Georgia*, 290 F. App'x 320, 322-23 (11th Cir. 2008) (claims against Georgia superior court barred by the Eleventh Amendment). Even assuming, therefore, that Rojas alleged some constitutional violation arising from the superior court's failure to hold a hearing on her habeas corpus petition, the County could not have caused the violation as a matter of law. *See, e.g.,* doc. 9 at 3-4.

Since it is clear that, under Georgia law, the County does not exercise any authority over proceedings in the superior court, Plaintiff's § 1983 claim against it arising from the allegedly defective proceedings

on her state habeas corpus petition fails as a matter of law. The County's Motion to Dismiss should, therefore, be **GRANTED**. Doc. 6.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th

Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 10th day of July, 2023.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA